FILED

2016 OCT 11  PM 4: 52

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**SHARON COOK**

**Case No.** 6:16-CV-1770-ORL-22DCI

Plaintiff,

v.

**RELIANCE STANDARD LIFE
INSURANCE COMPANY,**

**A Foreign Corporation,**

Defendant.

## COMPLAINT

The Plaintiff, Sharon Cook, by and through undersigned counsel, hereby files this

Complaint against RELIANCE STANDARD LIFE INSURANCE COMPANY ("RELIANCE

STANDARD") and alleges:

### GENERAL ALLEGATIONS

1. This is an action under the Employee Retirement  Income Security Act

(ERISA), 29 U.S.C.  §1001, et seq., specifically §1132 (a)(1)(b).

2.      This Court has jurisdiction pursuant to 28 U.S.C. §1331.

3.      Venue is proper in the United States District Court for the Middle District of Florida, where the breach of the employee benefits contract between the parties took place.

4.      At all times material hereto, Ms. Cook was covered under a policy of long-term disability insurance through the Defendant RELIANCE STANDARD.

5.      Defendant RELIANCE STANDARD is a foreign corporation conducting insurance business in Brevard County, Florida.

6.      At all times material hereto, Ms. Cook was covered under an employer-sponsored employee welfare benefit plan which provided long-term disability insurance benefits through a policy of insurance benefits funded and administered by the Defendant RELIANCE STANDARD as well as other valuable benefits. A copy of the RELIANCE STANDARD long-term disability insurance policy is attached hereto as Exhibit "A."

7.      The policy of insurance which funds these benefits is both underwritten and administered by RELIANCE STANDARD, which was a fiduciary of the employee benefits plan established by Plaintiff's employer, and which may be sued under ERISA as an entity, pursuant to 29 U.S.C. §1132(d)(1).

8.      Defendant RELIANCE STANDARD makes the final decision to approve or deny claims under the policies of insurance providing benefits to Ms. Cook and bore the ultimate responsibility for paying said claims for benefits, creating an inherent conflict of

2

interest between RELIANCE STANDARD's duties to the plaintiff as an ERISA fiduciary and its duties to its shareholders as a for-profit corporation under federal law.

9.     Defendant RELIANCE STANDARD has a conflict of interest and its decision to deny benefits was substantially influenced by its conflict of interest.

10.     Defendant RELIANCE STANDARD has failed to apply the provisions of the long-term disability insurance policy consistently with respect to similarly situated claimants.

11.     Defendant's notice of denial failed to comply with 29 CFR 2560.503-1(f) as well as the "full and fair review" provisions of ERISA.

12.     Defendant's plan documents fail to comply with 29 CFR 2560.503-1 as well as the "full and fair review" provisions of ERISA.

13.     Defendant has failed to comply with its own internal rules, guidelines, protocols, and/or other similar criteria relied upon in making the adverse determination referenced herein, failing to provide a copy of same to Plaintiff and failing to state that same will be provided upon request in its denial of Plaintiff's appeal as required by 29 CFR 2560.503-1(j).

14.     In addition, the Defendant has failed to comply with the provisions of 29 CFR 2560.503-1(b), 29 CFR 2560.503-1(f), 29 CFR 2560.503-1(g), 29 CFR 2560.503-1(h), and 29 CFR 2560.503-1(I) in its administration of Plaintiff's claim.

15.     Plaintiff has exhausted administrative remedies before filing this action or the requirement that administrative remedies be exhausted before this action is filed has been otherwise satisfied, waived, excused, estopped, tolled, rendered moot, rendered a vain act, or otherwise rendered unnecessary under the statutes, administrative regulations promulgated by the Secretary of Labor, and/or common law regulating the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001, et seq..

16.     A copy of this Complaint is contemporaneously filed with the Secretary of Labor.

**COUNT ONE**
**Action to Recover Plan Benefits**
**Pursuant to 29 U.S.C.  §1132 (a)(1)(B)**
**Against RELIANCE STANDARD**

17.     Plaintiff realleges and reavers paragraphs 1 through 16  of this Complaint, incorporating the same by reference as if specifically reinstated herein.

18.     Plaintiff was and is "disabled," as the term was defined in the long-term disability insurance policy funded and administered by RELIANCE STANDARD at all times material hereto.

19.     Defendant RELIANCE STANDARD has failed and refused to pay sums due pursuant to the long-term disability insurance policy funded and administered by RELIANCE STANDARD at all times material hereto.

20.     Defendant RELIANCE STANDARD has also subjected Plaintiff to an

unreasonable claims process pursuant to 29 CFR 2560.503-1 and has denied benefits under the terms of the plan.

21.     Plaintiff is accordingly entitled to present evidence of disability under the _de novo_ standard to this Honorable Court.

22.     Plaintiff is entitled to recover attorneys' fees pursuant to 29 U.S.C. § 1132(g).

**WHEREFORE**, the Plaintiff, Ms. Cook, prays for relief from Defendant RELIANCE STANDARD LIFE INSURANCE COMPANY for benefits due pursuant to the contract of long-term disability insurance funded by insurance premiums paid to Defendant under the employee welfare benefit plan pursuant to 29 U.S.C. §1132(1)(1)(B), plus interest, costs, attorney' fees pursuant to 29 U.S.C. §1132 (g), and such other relief as this Honorable Court may deem just and proper.

<u>**COUNT TWO**</u>
**Action to Clarify Right to Plan Benefits**
**Pursuant to 29 U.S.C. §1132 (a)(1)(B)**
**Against RELIANCE STANDARD**

23.     Plaintiff realleges and reavers paragraphs 1 through 16 of this Complaint, incorporating the same by reference as if specifically restated therein.

24.     Ms. Cook is entitled to long-term disability benefits under the disability insurance plan which is the subject of this action.

25.     Defendant RELIANCE STANDARD has denied that Plaintiff is entitled to long-term disability insurance benefits under the disability insurance policy which is the

subject of this action.

26.     Section 1132(a)(1)(B) specifically authorizes an action to clarify the plaintiff's rights to benefits subject to the terms of the contract for long-term disability insurance funded by insurance premiums paid to RELIANCE STANDARD.

27.     Defendant RELIANCE STANDARD has subjected Plaintiff Cook to an unreasonable claims process pursuant to 29 CFR 2560.503-1.

28.     Plaintiff is entitled to a declaration that her long-term disability insurance benefits are payable under the disability insurance policy at issue, and is entitled to present evidence of disability to this effect under the *de novo* standard.

29.     Plaintiff Cook is entitled to recover attorney's fees authorized by 29 U.S.C. § 1132(g).

**WHEREFORE,** Plaintiff Cook prays for relief from Defendant RELIANCE STANDARD LIFE INSURANCE COMPANY for reinstatement of benefits pursuant to the long-term disability insurance policy funded and administered by RELIANCE STANDARD LIFE INSURANCE COMPANY pursuant to §1132 (a)(1)(B), together with any ancillary benefits to which she may be entitled as a result of the reinstatement of such benefits, plus interest, costs, attorney's fees as authorized by 29 U.S.C. §1132(g), and such other relief as this Honorable Court may deem just and proper.

Respectfully Submitted,

William S. Coffman, Jr. Esquire
Florida Bar No. 0188158
**COFFMAN LAW**
15436 N. Florida Avenue, Suite 103
Tampa, Florida 33613
(813) 935-7030
(813) 935-7277 fax
erisa@benefitsdenied.com
Trial Counsel for Plaintiff

7